# BANK OF ARIZONA *v.* THOMAS HAVERTY COMPANY.

### ERROR TO THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 87.   Submitted December 4, 1913.—Decided January 5, 1914.

In this case this court thinks there was sufficient evidence as to the authority of the agent to make the agreement to support the verdict against the principal, and that the jury was warranted in finding that an agreement had been reached before certain questions reserved for further consideration had been raised.

The evidence tending to show that the agreement was a compromise between a mortgagee and a lienor in view of doubts that had arisen as to which had priority, this court agrees with the lower courts that there was no guaranty as to the exact status of the lien either as to amount or priority.

Improprieties in remarks of counsel in addressing the jury may be cured by the instructions of the trial judge.

Where the record does not show that an objection was raised upon the appeal to the territorial Supreme Court it cannot be considered by this court. *Gila Valley Ry.* v. *Hall, ante,* p. 94.

13 Arizona, 418, affirmed.

THE facts, which involve the validity of a verdict and judgment for damages for breach of contract obtained in the territorial courts, are stated in the opinion.

*Mr. Walter Bennett* for plaintiff in error:

Demurrer to complaint should have been sustained; the agency of attorneys at law to bargain to buy claim was not proved; the terms of transfer were not agreed upon.

There was misconduct of counsel in argument to jury.

The alleged agreement violates the Statute of Frauds.

Admitting declaration of alleged agents to establish agency was error.

The questions to and answers by attorney at law was in violation of rule of privilege. See *Boyle* v. *Smithman* (Pa.), 23 Atl. Rep. 398; *Chicago &c.* v. *Judge*, 135 Ill. App. 377; *Dow* v. *Town &c.* (N. H.), 44 Atl. Rep. 489; *Foss* v. *Smith* (Vt.), 65 Atl. Rep. 553; *McKenna* v. *McKenna*, 118 Ill. App. 240; *Parlin* v. *Orendorff Co.*, 137 Ill. App. 454; *Wicks* v. *Wheeler*, 139 Ill. App. 412.

*Mr. A. B. Browne, Mr. Alexander Britton, Mr. Evans Browne, Mr. J. L. B. Alexander* and *Mr. George D. Christy* for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

The Thomas Haverty Company, defendant in error, sued the Bank of Arizona in a District Court of the Territory of Arizona to recover $9,313.90 upon a special agreement set out in the complaint substantially as follows: That in February, 1908, the company had a claim against one John Noble for $14,306, for materials furnished and work done in the construction of the Noble Building, in Phoenix, Arizona; that the company had taken the necessary steps, under the provisions of the mechanics' lien statutes, to fix a lien upon the building and the lands on which it stood; that in March, 1908, the company instituted a suit to enforce the lien and the payment of the claim; that Noble, one Hugo Richards, and others, were joined as defendants in that action; that Richards at the time held a mortgage upon the premises, which had been given to him for the use and benefit of the Bank of Arizona, the Bank being the real party in interest; that while the action was pending, and on or about November 30, 1908, it was agreed between the Bank and the Haverty Company that if the Company would prosecute its suit to judgment the Bank would buy its demand and claim of

lien and pay the Company for it the sum of $9,313.90 upon assignment of the judgment to the Bank; the sum just mentioned being the amount claimed by the Company ($14,306) less the sum of $4,992.10, which was the value of two boilers and a certain heating apparatus and certain tools, furnished by the Haverty Company and used in the construction of the building, and for which the Company claimed a lien; which boilers, heating apparatus and tools the Company was to be at liberty to remove from the building if this could be done without injury thereto; that thereupon the Company agreed to sell to the Bank its demand against Noble and its claim for a lien upon the premises, and agreed to prosecute the action thereon to judgment, and to assign the judgment to the Bank; that the Company proceeded with its action, and recovered therein a judgment for $12,429.22, with a foreclosure of its lien; and that thereafter the Company was ready and offered to assign the judgment to the Bank, but the Bank refused to receive it or to pay the agreed sum of $9,313.90 for it.

The Bank, by demurrer to the complaint and afterwards by answer, interposed the defense that the Company had failed to perform the agreement, in that it had recovered a judgment for only $12,429.22, and that although the claim for lien set up by the Company in its suit against Noble was one alleged to be prior and superior to the lien of the mortgage held by Richards for the benefit of the Bank, it was by the judgment in that suit determined to be inferior and subordinate to the Bank's lien.

There was a trial by jury, in the course of which it appeared that the alleged agreement, if made at all, was made between attorneys representing the Haverty Company, and attorneys representing the Bank. The principal questions of fact were whether the agreement was made substantially as alleged, and, if so, then whether the Bank's attorneys were specially authorized to make it,

or whether the Bank afterwards ratified their action with knowledge of the facts. There was a verdict for the plaintiff for the full amount claimed, and, on appeal, the resulting judgment was affirmed by the Supreme Court of the Territory (13 Arizona, 418); whereupon the present writ of error was sued out.

It is insisted that the evidence fails to show that the attorneys who acted for the Bank were authorized by it to enter into the alleged agreement to purchase the Haverty claim. But we think there was sufficient evidence to support the verdict of the jury in favor of plaintiff upon this question.

It is also insisted that the parties never in fact came to an agreement, because an item of about $100 for certain freight charges was left open for further consideration. But the jury was warranted by the evidence in finding that an agreement had in fact been reached before the question respecting freight was raised.

The principal contention here, as in the court below, is that the agreement alleged and proved was not performed, in that the Haverty Company did not prosecute its claim to judgment; the claim having been for $14,306, with a prior lien upon the building and lots, but subject to a deduction of $4,992.10, provided the boilers and tools could be removed without injury to the building; while the judgment recovered was for $12,429.22, with a lien subordinate to the Bank's mortgage. We agree with the court below that neither the averments of the complaint nor the evidence at the trial imported a guaranty on the part of the Haverty Company as to the exact amount of the judgment or the precise status of the lien. The evidence tended to show that the agreement was made as a compromise between the Bank and the Haverty Company, in view of doubts that had arisen whether in law the lien of the Haverty Company was entitled to priority over the Bank's mortgage.

Error is assigned respecting certain remarks made by counsel for plaintiff in addressing the jury; but if there was any impropriety it was cured by the instructions of the trial judge.

The only other point deserving notice is the contention that the motion of plaintiff in error (defendant below) for a direction of a verdict in its favor ought to have been granted because of § 4, c. 99, p. 230, Session Laws 1907 of Arizona, which is in effect that a contract for sale of any chose in action of the value of $500 or upwards shall not be enforceable unless some note or memorandum in writing be signed by the party to be charged, or his agent. Assuming—what is not clear—that the point was brought to the attention of the trial court, it is sufficient for present purposes to say that there is nothing in the record to show that the question was raised upon the appeal to the territorial Supreme Court. *Gila Valley &c. Railway Co.* v. *Hall, ante,* p. 94, and cases cited.

*Judgment affirmed.*